UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br>Plaintiff,<br><br>v.<br><br>THE AMERICAN EXPRESS COMPANY,<br><br>Defendant. | CASE NO.: 5:14-cv-1027 <br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Maxim Integrated Products, Inc. ("Maxim") hereby alleges for its Complaint for patent infringement against defendant The American Express Company ("American Express") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

**THE PARTIES**

1. Plaintiff Maxim is a Delaware corporation with places of business at 120 San Gabriel Drive, Sunnyvale, California 94086, and 9651 Westover Hills, San Antonio, TX 78251.

2. On information and belief, defendant American Express is a corporation existing and organized under the laws of New York. American Express is doing business in the Western District of Texas, and has its principal place of business in New York, NY.

**JURISDICTION AND VENUE**

3. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Maxim maintains a substantial presence in Texas and this District, and does

1

business in Texas and this district, including operation of a semiconductor fabrication facility in San Antonio, Texas, employing more than 500 people.

6.      This Court has general and specific personal jurisdiction over American Express. American Express has substantial contacts with the forum as a consequence of conducting substantial business in the State of Texas and within this district.  On information and belief, American Express has transacted business in Texas and/or in this district, including that it offers for sale, sells, and advertises its products and services utilizing the claimed systems and methods with and for customers residing in Texas, including within this district; and provides products and services directly to consumers in Texas, including within this district.  American Express has committed and continues to commit acts of patent infringement in Texas and this district.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because a substantial part of the events giving rise to the claims against American Express occurred and are occurring in this district, and/or because American Express has regular and established practice of business in this district and has committed acts of infringement in this district.

## THE ASSERTED PATENTS

8.      On August 17, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,940,510 ("the '510 Patent"), entitled "Transfer of Valuable Information Between a Secure Module and Another Module," to Stephen M. Curry, Donald W. Loomis, and Michael L. Bolan.  A copy of the '510 Patent is attached to the Complaint as Exhibit A.

9.      The '510 Patent is directed to a system for communicating data securely, such as for secure mobile financial transactions, including a coprocessor for processing encryption

2

calculations and a real time clock circuit for time stamping data transactions.

10. On August 15, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,105,013 ("the '013 Patent"), entitled "Method, Apparatus, System, and Firmware for Secure Transactions," to Stephen M. Curry, Donald W. Loomis, and Christopher W. Fox.  A copy of the '013 Patent is attached to the Complaint as Exhibit B.

11. The '013 Patent is directed to a secure transaction integrated circuit including a microcontroller core; a modular exponentiation accelerator circuit or a math coprocessor for performing or handling encryption and decryption calculations; an input/output circuit for exchanging data information with an electronic device; and real-time clock or a clock circuit for providing a time measurement.

12. On May 22, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,237,095 ("the '095 Patent"), entitled "Apparatus for Transfer of Secure Information Between a Data Carrying Module and an Electronic Device," to Stephen M. Curry, Donald W. Loomis, and Christopher W. Fox.  A copy of the '095 Patent is attached to the Complaint as Exhibit C.

13. The '095 Patent is directed to an apparatus for receiving and transmitting encrypted data, such as for secure transfers of financial information.

14. Maxim is the owner by assignment of all rights, title, and interest to and in the '510,'013, and '095 Patents (collectively, the "Asserted Patents").

### COUNT I:  Infringement of the '510 Patent

15. Maxim incorporates and realleges paragraphs 1 – 14 above as if fully set forth herein.

16. On information and belief, American Express has and continues to infringe one or

more claims of the '510 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States and without authority products, devices, systems, and/or components of systems that embody the patented invention, including for example products, devices, systems and/or components of systems that include or make use of the "Amex Mobile" smartphone applications.  When, for example, these applications are installed on a portable computing device, such as Android or iOS™ devices, and combined with components of American Express's banking infrastructure for performing secure financial transactions, the resulting systems are made and/or used, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '510 Patent.

17. Maxim has suffered damages as a result of American Express's infringement of the '510 Patent.  In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting American Express, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '510 Patent.

## COUNT II:  Infringement of the '013 Patent

18. Maxim incorporates and realleges paragraphs 1 – 14 above as if fully set forth herein.

19. On information and belief, American Express has and continues to infringe one or more claims of the '013 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States and without authority products, devices, systems, and/or components of systems that embody the patented invention, including for example products, devices, systems and/or components of systems that include or make use of the "Amex Mobile" smartphone applications.  When, for example, these

applications are installed on a portable computing device, such as Android or iOS™ devices, the resulting systems are made and/or used, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '013 Patent.

20. Maxim has suffered damages as a result of American Express's infringement of the '013 Patent. In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting American Express, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '013 Patent.

### COUNT III:  Infringement of the '095 Patent

21. Maxim incorporates and realleges paragraphs 1 – 14 above as if fully set forth herein.

22. On information and belief, American Express has and continues to infringe one or more claims of the '095 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States and without authority products, devices, systems, and/or components of systems that embody the patented invention, including for example products, devices, systems and/or components of systems that include or make use of the "Amex Mobile" smartphone applications. When, for example, these applications are installed on a portable computing device, such as Android or iOS™ devices, the resulting systems are made and/or used, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '095 Patent.

23. Maxim has suffered damages as a result of American Express's infringement of the '095 Patent. In addition, Maxim will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting American Express, its agents, servants,

employees, representatives, and all others acting in active concert therewith from infringing the '095 Patent.

## PRAYER FOR RELIEF

For the above reasons, Maxim respectfully requests that this Court grant the following relief in favor of Maxim and against American Express:

(a)  A judgment in favor of Maxim that American Express has infringed (either literally or under the doctrine of equivalents) one or more claims of the Asserted Patents;

(b)  A permanent injunction enjoining American Express and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with American Express, from infringing the Asserted Patents;

(c)  A judgment and order requiring American Express to pay Maxim its damages, costs, expenses, and pre-judgment and post-judgment interest for American Express's infringement of the Asserted Patents;

(d)  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Maxim its reasonable attorney fees; and

(e)  Any and all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Maxim demands a trial by jury of this action.

Dated: November 19, 2014 By,  */s/ Matthew D. Powers*
Matthew D. Powers
CA Bar No. 104795 (Admitted W.D. Tex.)
Steven S. Cherensky
CA Bar No. 168275 (Admitted W.D. Tex.)
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Phone: (650) 802-6000
Fax: (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
steven.cherensky@tensegritylawgroup.com

*Attorneys for Plaintiff,*
*Maxim Integrated Products, Inc.*